IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARJORIE BARE, ) | |
|       Plaintiff, ) | |
| ) | |
| vs. ) | Civil No.  14-cv-133-CJP |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
|       Defendant.[1] | |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act. **(Doc. 28).** Defendant filed a response in opposition at Doc. 31, plaintiff filed a reply at Doc. 32.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified. The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  See, *Casey v. Berryhill*, __ F3d. __, 2017 WL 398309 (7th Cir. Jan. 30, 2017).  She is automatically substituted as defendant in this case. See Fed. R. Civ. P. 25(d); 42 U.S.C. §405(g).

1

pursuant to sentence four of 42 U.S.C. §405(g). Plaintiff is, therefore, the prevailing party. **See, Shalala v. Schaefer, 509 U.S. 292, 302 (1993).**

In her response to the motion, the Commissioner argues the Court should not award fees because the government's position was substantially justified and plaintiff's fees sought are unreasonable.

1. <u>Substantially Justified</u>

The EAJA does not define the term "substantially justified," and the Seventh Circuit has recognized that its meaning in this context is not "self-evident." **U.S. v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378, 381 (7th Cir. 2010).** However, in view of the purpose of the Act, substantially justified means something more than "not frivolous;" the government's position "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." **Id., at 381-382.**

The government's position is substantially justified where it had a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." **Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004)(internal citations omitted).** The Commissioner bears the burden of demonstrating that her position was substantially justified, and the Court must make a determination based on an assessment of both the government's pre-litigation and litigation conduct, including the decision of the ALJ. **Id.**

The evidence in the administrative record and the specifics of the ALJ's decision are discussed in detail in the Memorandum and Order remanding the

case, Doc. 26.

Plaintiff argued that the ALJ erred in determining plaintiff's credibility, the ALJ incorrectly formed plaintiff's RFC assessment, and that the ALJ's decision was not supported by substantial evidence. This Court found merit in plaintiff's credibility argument and deferred ruling on the other two points.

This Court concluded that the ALJ failed to build "an 'accurate and logical bridge' between the evidence of mental impairments and the hypothetical and the mental RFC," and that such failure requires remand. **Simila v. Astrue, 573 F.3d 503, 516 (7th Cir. 2009).** This Court concluded that the ALJ improperly associated plaintiff's daily activities with her ability to work, and that his review of the medical evidence was highly selective and undermined his findings as to plaintiff's credibility.

This Court recognized that the Commissioner's arguments in this case were perfunctory. It is now difficult to accept her argument that her position was substantially justified when she failed to justify it in her merits brief. The Court finds that the Commissioner's position was not substantially justified, and therefore finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

The Commissioner characterizes the ALJ's errors "errors of articulation" and argues they do not necessitate a finding that the government's position was not substantially justified, Doc. 31, p. 4. The Commissioner cites **Stein v. Sullivan, 966 F.2d 317, 319-320 (7th Cir. 1992)**, in support of this argument. However, **Stein** did not establish a *per se* rule that attorney's fees

3

will not be awarded whenever the error was a failure to meet the articulation requirement. **See,** ***Conrad v. Barnhart*****, 434 F.3d 987, 991 (7th Cir. 2006).**

2. Unreasonable Fees

The Commissioner argues that both the hourly rate and the number of hours plaintiff's counsel claims are unreasonable.

As to the hourly rate, counsel asks the Court to award him $190.99 per hour for attorney time and $75.00 per hour for legal assistant time. The Commissioner states that attorneys representing claimants in social security cases are allowed a maximum of $125 per hour per the EAJA but she acknowledges that the courts may award enhanced fees due to an increased cost of living. ***Sprinkle v.Colvin*****, 777 F.3d 421, 423 (7th Cir. 2015).**

In ***Sprinkle***, the Court clarified that EAJA claimants that seek inflation-based rate adjustments do not need to prove the "effects of inflation on the particular attorney's practice" and do not need to prove "that no competent attorney could be found for less than the requested rate." ***Id.* at 423.** Instead, a claimant can rely upon a "general and readily available measure of inflation such as the Consumer Price Index [CPI]." ***Id.*** "An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden." ***Id.***

This does not make a fee increase automatic because the government can still raise evidence that the CPI does not provide an accurate measure of the cost of living in a certain market. ***Id.*** The claimant must also supply "satisfactory evidence" that the "rate they request is in line with those

4

prevailing in the community for similar services by lawyers of comparable skill and experience." *Id.* A district court may, "in its discretion" find one sworn statement from the claimant's attorney as sufficient for this purpose. **Id. at 429.**

However, the Court notes that the Commissioner is correct in noting that the CPI for "all urban consumers" on a national level is not the same as the CPI applicable to the Midwest area where plaintiff's attorney practices law. The Midwest area CPI for May 2014 was $186.69. Therefore, the Court will use this figure in determining plaintiff's ultimate reward. This rate is similar to what other judges in this Circuit have approved since *Sprinkle*. *See, eg, **Trump v. Colvin,** 2015 WL 970111 at \*3, 4 (N.D.Ill.2015); **Smith–Harvey v. Colvin,** 2015 WL 1548955 at \*2 (S.D.Ind.2015); **Embry v. Colvin**, No. 12 C 3685, 2015 WL 4720106, at \*4 (N.D. Ill. Aug. 4, 2015).*

Plaintiff contends the number of hours her counsel and his support staff expended on the case, approximately 72, is reasonable and the court has the discretion to award fees for those hours. There is no *per se* rule for capping hours, instead the Court must analyze if the hours are "reasonably expended." It is an attorney's responsibility to use "billing judgment" because "hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." **Hensley v. Eckerhart, 461 U.S. 424, 433–434 (1983).** To determine if hours are reasonably expended, factors like novelty and difficulty of the questions, the skill required to perform the legal service, and the customary fee are taken into consideration. **Id. at 434.**

5

The Commissioner argues that plaintiff's CPI calculation was unclear. As plaintiff notes, in paragraphs eight and nine of plaintiff's affidavit she set forth the method of calculation and noted that she used the month of May 2014 because that is when most of the work was completed. (Doc. 28, pgs. 6-8). Plaintiff also correctly notes that the Commissioner's suggestion that plaintiff should have performed separate monthly calculations for the work he performed in each month is not supported by case law. However, the difference in calculating the CPI for the entire year amounts to $23.28 which the Court finds to be a reasonable amount to deduct from plaintiff's ultimate award.

The Commissioner also argues that plaintiff's case was "relatively routine" and the issues raised in plaintiff's brief on the merits were neither new nor novel. Further, she argues that plaintiff's brief "primarily cited well-established case authority for legal propositions that were neither unusual nor particularly complex." Doc. 31, p. 9. The Commissioner contends that with plaintiff's counsel's experience, 42 hours and 40 minutes of drafting plaintiff's initial motion and memorandum, 14.5 hour drafting a reply, and 7 hours drafting an EAJA petition were excessive.

The Commissioner is correct that plaintiff's counsel routinely raises the issues he raised in this case in other Social Security cases. However, this does not support the idea that plaintiff's counsel put little or no work effort into this case. Further, the Court agrees with plaintiff that classifying a case as "typical" does not mean plaintiff is not entitled to fair compensation for the time her attorney spent advocating on her behalf.

However, 72 hours is on the "high end of the range of hours that courts within this circuit have considered reasonable for social security appeals." ***Schulten v. Astrue,*** **2010 WL 2135474, at \*6 (N.D.Ill.2010)(finding the "permissible range" to be, "generally speaking" 40 to 60 hours)**. The record in the case at hand was less than 700 pages and many social security disability cases are much longer. ***See, Trump,*** **2015 WL 970111 at \*3,4 (N.D.Ill.2015) (awarding less than 60 hours in fees in a case with a record over 1,000 pages long, and in which claimant was granted leave to file brief in excess of 15 pages);** ***Fricano v. Colvin,*** **2014 WL 2068415 at \*3, 4 (N.D.Ill.2014) (awarding approximately 45 hours of work with a record of 694 pages).**

It is clear here that the number of hours requested by plaintiff is unreasonable. Most of the issues raised were not novel, however the Court notes that plaintiff's original brief was over thirty pages and the explanation he provides for the time spent on the EAJA settlement letter is reasonable. The Commissioner does not state how many hours she feels is reasonable for the petitioner to claim. Accordingly, the number of attorney hours allowed shall be reduced to 60, as it is within the norm (albeit at the high end). This makes the attorney fees total $11,201.40.

The Commissioner argues that the staff's 3.75 hours spent cannot be fully compensated. She cites a series of cases that indicate fees for clerical tasks such as reviewing service of summonses, sending proof of service to the court, making phone calls, and preparing the EAJA itemization are traditionally done by non-professional staff. This qualifies it as overhead and is not properly

billable. However, time spent on a request for an extension of time is properly included in a fee request. ***Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999)(quoting *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 942 (3d Cir. 1995)); *Donaldson v. Colvin*, No. 11-CV-00554-JPG, 2013 WL 1156414, at \*3 (S.D. Ill. Mar. 20, 2013); *Seamon v. Barnhart*, No. 05-C-0013, 2006 WL 517631, at \*7 (W.D. Wis. Feb. 23, 2006).** Looking at the itemized time sheet, the Court finds that 1.33 of the hours claimed as "staff time" cannot be compensated. This leaves the amount of billable staff time at 2.42 hours and equates to $181.50.

Finally, the Court looks at plaintiff's request for an additional $2,960.34 for the time spent on her reply brief for the current matter. Plaintiff's attorney claims he spent an additional 15.5 hours on the response to the Commissioner's response to her petition for attorney's fees. The Court first notes that replying to the Commissioner's response is completely voluntary and not required for the merits of the motion to be reviewed. Second, while plaintiff's responses to the Commissioner's arguments are thorough, most of the rebuttal reiterates her original points, albeit in more detail. The Court finds that it is reasonable for plaintiff to have spent 3 additional hours on this reply but not 15.5. As a result, the Court will add $560.07 to the final award.

For the reasons discussed above, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (**Doc. 32**) is **GRANTED.**

The Court awards attorney's fees in the amount of $11,942.97 (eleven thousand nine hundred and forty-two dollars and ninety-seven cents).

8

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per ***Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).** However, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATE:  March 30, 2017**

<u>**s/ Clifford J. Proud**</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**